IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $19,500.00 IN U.S. CURRENCY,<br><br>        Defendant. | 1:09-CV-00791-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Document 18) |

**INTRODUCTION**

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks:

1. Default judgment against the interests of Jesus Fletes and Ricardo Fletes in approximately $19,500.00 ("Defendant Currency");

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency.

This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument on the now vacated November 13, 2009 hearing, pursuant to this Court's Local Rule 78-230(h) and A-540(d). For the reasons discussed below, this Court RECOMMENDS to:

1.  GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency; and
2.  ORDER the Government, within ten (10) days of service of an order adopting these Findings and Recommendations, to submit a proposed default and final forfeiture judgment consistent with these Findings and Recommendations.

## FACTUAL BACKGROUND[1]

*Seizure of Defendant Currency*

On July 24, 2008, Jesus Fletes contacted a law enforcement confidential informant ("CI") and advised that he could provide 20 kilograms of cocaine at 5 o'clock that evening. However, when the CI contacted Fletes later, Fletes indicated he was unable to get the cocaine but would be receiving twelve pounds of crystal methamphetamine the following day.

On July 25, 2008, Fletes contacted the CI. It was agreed the two would meet and negotiate further. CI was accompanied by another law enforcement confidential informant ("CI-2") when the parties met at the Alta Market. Fletes had indicated to CI that he was the owner of the Alta Market. CI was shown three pounds of methamphetamine, and was told that twelve additional pounds of a better quality were to arrive later than afternoon from Los Angeles.

CI and CI-2 agreed to return to the Alta Market to purchase the twelve pounds of methamphetamine. At about 5 o'clock, Fletes called to advise CI that "it" was close. At about 7 o'clock, the informants met with Fletes at the Alta Market. They were taken to an empty back apartment area where Fletes provided CI with a small sample of methamphetamine in a white plastic bag. Thereafter, Fletes produced four pounds of methamphetamine; CI indicated he wanted to purchase a total of twelve pounds. CI then called an undercover agent, representing to Fletes that he was calling his cousin with the money. The agent spoke with Fletes on the CI's phone and asked Fletes to show the CI an additional pound before CI would agree to make the purchase. Fletes produced a black plastic

---

[1] The facts are taken primarily from the Government's application at pages 2 through 3, and from this Court's records.

bag with additional suspected methamphetamine and indicated the price was $17,900.00 per pound. CI then called the undercover agent and the arrest signal was given.

During Fletes's arrest, an agent observed Fletes throw a set of keys belonging to a Nissan Altima on the ground. The keys were recovered and the Nissan was located in an adjacent area, as was a Ford F-250 pickup. In a post-*Miranda* statement, Fletes advised the Ford pickup belonged to his brother and that it contained $17,000.00 because Fletes himself had withdrawn that amount from his bank earlier that day. Fletes also indicated another two pounds of methamphetamine could be found in the Nissan Altima.

Agents executed a federal search warrant on both vehicles on July 25, 2008. A narcotic-detecting canine alerted to the Ford F-250 pickup's console and driver's side floor board, where agents located a total of approximately $19,500.00 in U.S. currency. Over two pounds of methamphetamine was recovered from the Nissan Altima.

### *The Government's Claims*

On May 1, 2009, the Government filed its complaint for forfeiture in rem to claim: (1) that the Defendant Currency is subject to forfeiture to the Government under Title 21 of the United States Code section 881(a)(6) in that the currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of Title 21 of the United States Code section 841, *et seq.* (Doc. 1.)

On May 4, 2009, based upon the allegations set forth in the Complaint (Doc. 1), the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Property (Doc. 5). The warrant was executed on May 8, 2009. (*See* Doc. 8.)

### *Notice of Forfeiture Action*

On May 4, 2009, copies of the complaint, arrest warrant, publication order and other related papers were served via United States Mail, certified return receipt number 7006-2760-000-0500-3138, upon Nicholas F. Reyes, criminal defense attorney for Jesus Fletes. The receipt was signed by Lilian Sanchez on May 5, 2009. (Doc. 18 at 4, ¶ 3.)

On May 7, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website at www.forfeiture.gov for at least thirty (30) days.  (Doc. 7.)  On June 15, 2009, the Government filed its Declaration of Publication.  (Doc. 11.)

On May 28, 2009, the Government personally served Jesus Fletes with copies of the complaint, arrest warrant, publication order and other papers related to this action, at 42767 Alta in Dinuba, California.  (Doc. 10; *see also* Doc. 18 at 4, ¶ 1.)

On May 28, 2009, the Government personally served Ricardo Fletes with copies of the complaint, arrest warrant, publication order and other papers related to this action, at 42767 Alta in Dinuba, California.  (Doc. 10; *see also* Doc. 18 at 4, ¶ 2.)

*Default Entries*

At the Government's request, the Clerk of the Court entered defaults in this action as to Jesus Fletes and Ricardo Fletes on June 26, 2009.  (Docs. 12-13.)

**DISCUSSION**

*Sufficiency of the Complaint*

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Currency.  A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  Title 21 of the United States Code section 881(a)(6) provides for the forfeiture of moneys or others things of value that are furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

In its Verified Complaint, the Government alleges that the Defendant Currency constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more of the laws governing controlled substances, and is therefore subject to forfeiture.  (Doc. 1 at 4.)

As referenced above and set forth in the Verified Complaint, the execution of a federal search warrant of the Ford F-250 and Nissan Altima resulted in the seizure of the approximately $19,500.00.

The complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure, and identifies the relevant statutes. (*See* Doc. 1.) In the absence of assertion of interests in the Defendant Currency, this Court is not in a position to question the facts supporting the forfeiture of the currency. The facts as alleged provide a sufficient connection between the Defendant Currency - approximately $19,500.00 - and illegal drug activity to support the forfeiture. Case law confirms the Government's position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and the Government need not show a relationship between the proceeds and a specific drug transaction. *See United States v. $30,670.00*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances demonstrated that cash hoard of airline passenger was substantially connected to illegal drug trafficking and properly subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (court applied totality of circumstances to determine "more than enough cause" to believe that forty pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transaction).

As the Government contends, the prearranged drug transaction for the exchange of methamphetamine for money is sufficient to support the forfeiture.

*Notice Requirements*

The Government contends that it provided required notice for the forfeiture of the Defendant Currency. The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993).

    **1.    Notice by Publication**

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for

at least 30 consecutive days." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. *See* Local Rules A-530 & 83-171.

Here, pursuant to this Court's May 7, 2009, Order, the Government accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days. (*See* Docs 11 & 18 [Rodriguez Declaration, ¶¶ 7-8].)

### 2. Personal Notice and/or Notice by Mail

When the Government knows of an owner of defendant currency, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S. Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to

give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.  Local Rule A-540(a).

Notwithstanding the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements.  *See* Fed. R. Civ. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Jesus Fletes and Ricardo Fletes on May 28, 2009, with the complaint, arrest warrant, publication order and other papers regarding this action.  (*See* Docs. 10 & 18.)  The Government also served Jesus Fletes's criminal defense attorney, Nicholas F. Reyes, by certified mail, return receipt requested.  The receipt was signed by Lilian Sanchez and dated May 5, 2009. (Doc. 18, Rodriguez Decl., Ex. C.)

### *Failure to File Claim or Answer*

The Government contends that this Court's clerk properly entered defaults against Jesus Fletes and Ricardo Fletes.  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within thirty-five (35) days after the date of service of the Government's complaint or thirty (30) days after final publication of newspaper notice.  Supplemental Rules G(4)(b) & G(5). Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. *United States v. Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Jesus Fletes and Ricardo Fletes, with copies of the complaint, arrest warrant, publication order and other papers related to this action on May 28, 2009, respectively.  (Doc. 18 at 4, 7.)

More than thirty days have passed since completion of publication notice and more than thirty-five days have passed since personal service of the complaint on Jesus Fletes and Ricardo Fletes.  This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

*Default Judgment*

The Government seeks judgment against the interests of Jesus Fletes and Ricardo Fletes, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.* Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Federal Rules of Civil Procedure, Rule 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations & quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Jesus Fletes and Ricardo Fletes. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n.12, 78 S. Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

**RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of Jesus Fletes and Ricardo Fletes in the Defendant Currency approximately $19,500.00;

2. ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Currency; and

3. ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 11, 2009**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE